IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**EDRICK LADON MCCARTY,**

      **Plaintiff,**

      v.

                                             CASE NO. 22-3025-SAC

**ARAMARK,**

      **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se action under 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed in forma pauperis. Plaintiff is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF"). The Court entered a Memorandum and Order and Order to Show Cause (Doc. 6) ("MOSC") granting Plaintiff an opportunity to show good cause why his Complaint should not be dismissed or to file an amended complaint to cure the deficiencies set forth in the MOSC. This matter is before the Court for screening Plaintiff's Amended Complaint (Doc. 7). Plaintiff has also filed a Motion for Appointment of Counsel (Doc. 8). The Court's screening standards are set forth in the MOSC.

Plaintiff alleges in his original Complaint that Aramark, the sole food provider at EDCF, provides Plaintiff with food that "causes [him] painful defecating & wiping." (Doc. 1, at 1.) Plaintiff alleges that he was a "binge and purger" as a child and developed hemorrhoids and has a sensitive bowel system. Plaintiff alleges that he has been subjected to Aramark's food service since 2018. Plaintiff alleges that Aramark's food quality is low, and it puts spices in the food

1

that it serves. *Id*. at 3. In his original Complaint, Plaintiff names Aramark as the sole defendant and seeks $37,000 in compensatory damages for "pain and suffering." *Id*. at 5.

Plaintiff's Amended Complaint sets forth the same facts, but adds that Aramark offers "fresh favorites" for an extra cost and offers ice cream and pies for a "ticket." (Doc. 7, at 3.) Plaintiff alleges that he purchases the fresh favorites "when he can." *Id*. at 6. Plaintiff continues to name Aramark as a defendant and seeks $50,000 for "pain and suffering." *Id*. Plaintiff also adds EDCF as a defendant.

The Court found in the MOSC that Plaintiffs' allegations fail to allege a "sufficiently serious" deprivation or facts showing he is "incarcerated under conditions posing a substantial risk of serious harm." *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Plaintiff does not indicate that he is on a medically-ordered diet or that he attempted to seek relief through the facility. Plaintiff fails to cure this deficiency in his Amended Complaint.

The Court also found that Plaintiff failed to allege facts showing a policy or a custom of Aramark that caused him injury. Plaintiff has failed to cure this deficiency in his Amended Complaint.

Plaintiff has added EDCF as a defendant. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a *person* acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). Prison and jail facilities are not proper defendants because none is a "person" subject to suit for money damages under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 71 (1989); *Clark v. Anderson*, No. 09-3141-SAC, 2009 WL 2355501, at *1 (D. Kan. July 29, 2009); *see also Aston v. Cunningham*, No. 99–4156, 2000 WL 796086 at *4 n.3 (10th Cir. Jun. 21, 2000) ("a detention facility is not a person

or legally created entity capable of being sued"); *Busekros v. Iscon*, No. 95-3277-GTV, 1995 WL 462241, at *1 (D. Kan. July 18, 1995) ("[T]he Reno County Jail must be dismissed, as a jail is not a 'person' within the meaning of § 1983.").

The Court found in the MOSC that Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), for failure to allege a physical injury.  Section 1997e(e) provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  Plaintiff continues to seek compensatory damages for "pain and suffering" in his Amended Complaint.

The MOSC provides that "[i]f Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice for failure to state a claim."  (Doc. 6, at 8.)  Plaintiff's Amended Complaint fails to cure the deficiencies set forth in the MOSC and fails to state a claim for relief.  The Court finds that further attempts at amending would be futile.

Plaintiff has also filed a Motion for Appointment of Counsel (Doc. 8), stating that he wants to appear in court.  The motion is substantially the same motion that Plaintiff previously filed at Doc. 3.  The Court denied the previous motion in the MOSC.  For the same reasons set forth in the MOSC and because the Court is dismissing this case, the Court denies the current motion.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Appointment of Counsel (Doc. 8) is **denied.**

**IT IS FURTHER ORDERED** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated February 18, 2022, in Topeka, Kansas.**

            <u>s/ Sam A. Crow</u>
            **Sam A. Crow**
            **U.S. Senior District Judge**